UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WEST COAST 2014-7, LLC,

               Plaintiff,

-against-

SHARME D'ANDRADE,

               Defendant.

**MEMORANDUM AND ORDER**

20-cv-5571 (LDH) (LB)

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

West Coast Servicing, Inc. ("Plaintiff") brings the instant action against Sharme D'Andrade ("Defendant"), pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.*, to foreclose on a mortgage. Plaintiff moves pursuant to Federal Rule of Civil Procedure 56, for summary judgment to commence foreclosure on the Mortgaged Property.

## UNDISPUTED FACTS[1]

On August 25, 2006, Defendant acquired title by tenancy of the entirety to 1740 East 52nd Street, Brooklyn, New York for $604,200. (Pl.'s Resp. 56.1 Statement ("Rule 56.1 Stmnt.") ¶ 1, ECF No. 32.) Defendant financed that purchase with a mortgage in the principal sum of $483,360. (*Id.* ¶ 2.) On August 28, 2006, Defendant executed the second mortgage,

---

[1] The following facts are taken from the parties' statements of material fact pursuant to Local Rule 56.1 and annexed exhibits. Unless otherwise noted, the facts are undisputed.

1

secured by a note for $128,840.  (*Id.* ¶ 4.)  Of relevance here, Defendant stopped making payments on the Note and second mortgage on May 1, 2010.[2]  (*Id.* ¶¶ 8–9.)

After a series of assignments, Plaintiff was assigned the second mortgage on June 25, 2020.  (*Id.* ¶¶ 10–19.)  On July 1, 2020, Plaintiff's counsel mailed a notice of default to Defendant, as well as notices pursuant to New York's RPAPL.  (*Id.* ¶¶ 20–22.)  The RPAPL notices included (800) 269-0990 as the New York State Department of Financial Services ("DFS") toll-free helpline even though the DFS hotline for consumer questions is (800) 342-3736.  (*Id.* ¶¶ 30–31.)  Plaintiff's RPAPL notices also did not include Defendant's phone number in the proof of filing statement.  (*Id.* ¶ 32.)

On December 9, 2020, Defendant was served with the RPAPL § 1303 Notice, Summons, Verified Complaint, NY RPAPL § 1320 Notice, Certificate of Merit, and Notice to Defendant.  (*Id.* ¶ 24.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant[s] are entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 23 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).  Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can

---

[2] Plaintiff also defaulted on the first mortgage and a foreclosure action commenced on January 6, 2020.  (*Id.* ¶¶ 7, 15.)  That matter was resolved by settlement agreement.  (*Id.* ¶ 12.)

be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movants meet their initial burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court must believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

## DISCUSSION

Under New York law, a plaintiff can demonstrate its prima facie entitlement to summary judgment in a mortgage foreclosure action if it produces the note and the mortgage to the Court and demonstrates proof that the Mortgagor failed to make payments due under the note. *Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 369 (E.D.N.Y. 2012). Plaintiff asserts that it is entitled to summary judgment because it has established a prima facie case for its mortgage foreclosure action. (Mem. L. Opp. Def.'s Mot. Sum. J. ("Pl.'s Mem.") at 9, ECF No. 63-13.) It is undisputed that Plaintiff attached the note and mortgage to the complaint and Defendant was in default. (*See* Rule 56.1 Stmnt. ¶¶ 4, 8.) Thus, Plaintiff has established its prima facie entitlement to foreclosure. However, this conclusion does not end the Court's inquiry.

Even where a plaintiff in a RPAPL foreclosure action has made a prime facie case for relief, it is not necessarily entitled a plaintiff to summary judgment. To prevail at summary judgment, a plaintiff must also demonstrate that it complied with RPAPL's notice requirements. *Onewest Bank, N.A. v. Mahoney*, 62 N.Y.S.3d 144, 146 (N.Y. App. Div. 2017). This is so

3

because compliance with RPAPL's requirements is a condition precedent to the commencement of a foreclosure action. *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 103 (N.Y. App. Div. 2011). Prior to commencing a residential foreclosure action in New York, a lender must comply with certain requirements set forth by the RPAPL. *See* N.Y. RPAPL § 1301 *et seq.*

Among other things, RPAPL § 1304 requires plaintiffs in foreclosure actions to send a 90-day pre-foreclosure notice "by registered or certified mail and also first-class mail to the last known address of the borrower." *Id.* § 1304(2). Included in a § 1304 notice must be the phone number of the New York Department of Finance's ("NY DFS") "toll-free helpline" as prescribed by the department of financial services. *Id.* § 1304(1); *see also id.* § 1304(7) ("The department of financial services shall prescribe the telephone number and web address to be included in the notice.").

New York courts mandate "strict compliance" with RPAPL § 1304's notice requirements. *U.S. Bank National Association v. Valencia*, 219 A.D.3d 890, 892 (N.Y. App. Div. 2023); *CIT Bank, N.A. v. Anderson*, 16-cv-1712 (ERK) (PK), 2019 WL 3842922, *2–3 (E.D.N.Y. Aug. 14, 2019). "Where an RPAPL 1304 notice fails to reflect information mandated by the statute . . . the statute will not have been strictly complied with and the notice will not be valid." *Emigrant Bank v. Cohen*, 205 A.D.3d 103, 111 (N.Y. App. Div. 2022); *see, e.g.*, *Hudson City Savings Bank v. DePasquale*, 113 A.D.3d 595 (N.Y. App. Div. 2014) (dismissing foreclosure action where notice included an inaccurate number of days of default); *see also Tuthill Fin., a Ltd. Partnership v. Candlin*, 129 A.D.3d 1375, 1376 (N.Y. App. Div. 2015) (failure to reflect 14–point typeface where required in the notice by the statute); *US Bank N.A. v. Gurung*, 196 A.D.3d 617, 618 (N.Y.App. Div. 2021) (failure to meet the requirement listing in the notice five housing assistance agencies operating in the region). Additionally, "[w]here a

4

lender includes false, misleading, obfuscatory, or unrelated information in the envelope together with the 1304 notice, courts may void such notices." *Bank of Am., N.A. v. Kessler*, 39 N.Y.3d 317, 328 (N.Y. 2023). Defendant argues that Plaintiff is not entitled to summary judgment because Plaintiff failed to adhere to RPAPL's notice requirements. The Court agrees.

The parties agree that the helpline number prescribed by the department of financial services is (800) 342-3736. (*See* 56.1 Stmt. ¶ 31.) However, this number does not appear anywhere in the notice provided by Plaintiff to Defendant. A review of the § 1304 notice sent by Plaintiff to Defendant Plaintiff makes this plain. In that notice, Plaintiff listed DFS's toll-free helpline phone number as (800) 269-0990. (*Id.* ¶ 30.) The inclusion of the incorrect helpline number renders the notice defective.

Plaintiff's effort to avoid this conclusion is unpersuasive. In particular, Plaintiff argues the New York Court of Appeals relaxed the compliance standard for RPAPL notices in *Bank of America v. Kessler*. In *Kessler*, the New York Court of Appeals held that the inclusion of additional information with an RPAPL notice that was not otherwise required by the statute does not invalidate those notices, so long as it is not "false, misleading, obfuscatory, or unrelated information." 39 N.Y.3d at 328. The court reasoned that "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not" violate the mandates of the RPAPL. *Id.* Plaintiff contends that *Kessler* supports its entitlement to summary judgment because, as Plaintiff argues, there is no dispute that the number it provided is an NY DFS number and therefore it is not inaccurate. (Pl.'s Mem. at 10–11.) However, RPAPL's requirements are clear. It does not call for *any* NY DFS number. It requires lenders to provide the number to the "toll-free helpline." As there is no dispute Plaintiff listed the incorrect helpline number, it is not entitled to summary

5

judgment. *See Anderson*, 2019 WL 3842922, at *3 (denying summary judgment to a lender whose § 1304 notice did not include the proper NY DFS helpline number because "although there is no allegation that [the borrower] attempted to obtain assistance and was stymied by the incorrect [NY DFS] phone number, the notice contained a factual inaccuracy").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
September 30, 2024  LaSHANN DeARCY HALL
United States District Judge